The opinion of the Court (absente Parsons, C. J.) was afterwards delivered in substance, as follows, by
Sedgwick, J.
The first point for our consideration ir. this case, is the nature of the action. Where one man has in his hands money, which, according to the rules of equity and good conscience, belongs to and ought to be * paid to another, [ * 280 ] this is the proper form of action for its recovery. If, then, at the commencement of this suit, the defendant held money, which ex cequo et bona he ought not to have retained from the plaintiffs, they are entitled to recover. This must depend on the facts appearing in the documents referred to by the judge in his report of the trial.
It will not be necessary to mention the names of the persons, who acted as the agents at the different times and places, in which the transactions occurred ; since, in contemplation of law, their actions are the actions of the defendant.
From the facts, which I shall proceed to state, the plaintiffs in sist that they are entitled to recover a sum of money equal to that which was paid on the bills in England; that amount being, at the time of the commencement of the action, in the hands of the defendant, which belonged to them.
The plaintiffs at St. Lucia, being indebted to the defendant, drew their bills for the balance upon London, which, being remitted to his agent there, was protested for non-acceptance, and the protests transmitted to the defendant. Afterwards, when the bills became payable, they were paid in part, and received by the defendant. A sum equal to the money so paid is what is claimed by the plaintiffs.
After this there were other transactions between these parties. More goods were sold by the defendant to the plaintiffs. When this was done, an account was stated between them, and a balance due to the defendant was struck. In this account, the bills, which had been drawn, were not taken into consideration at all, but treated as mere nullities. Some little time afterwards, it appears by the documents, that the note of Viges was received by the defendant, and payable to his agent, in discharge of the balance previously due to him.
As this balance, if paid, was a full discharge of every thing due to the defendant, independently of the money he * received in London, it becomes important to deter- [ * 290 J *244 mine whether Viges’s note, under the circumstances, was a )payment of that balance. For if it was, then the moment it was received, the money, which had been paid in London, ought no longer to be retained by the defendant, because it belonged to the plaintiffs.
Now, we can, none of us, perceive any difference between this case and the common one where a note of a third person is received in discharge of a stated balance of a merchant’s or shopkeeper’s account. If I am indebted to a merchant, and wish to discharge what I owe him, by procuring a man who is indebted to me to give his note for the balance, and it is so agreed by all concerned, and in execution of this agreement, the note of one, who may be supposed my debtor, is received for the balance due from me, made payable to my creditor, and that balance discharged by him, — no one, I believe, ever supposed, that if he ultimately failed to get the money on his note, he could recur to me on the original contract, and enforce payment, provided there was no unfairness on my part; and none is suggested or proved in the case before us. It is, in principle, like the case of a purchase of a horse, or any other property. A man purchases a horse, and by agreement the promissory note of a third person is received by the seller for the price agreed upon All is conducted honestly between the parties. It was never imagined, I believe, that, upon the failure of the promisor, the seller could resort to the buyer, and recover of him the price of the horse.
There is no evidence, from any thing proved to have been said, at the time that Viges’s note was received by the defendant, at whose risk it should be ; nor in my opinion is it necessary on the part of the plaintiffs ; because, from receiving the note, under the circumstances, it must be considered as payment, unless the contrary be made to appear as the agreement of the parties. Immediately, then, on the payment of the balance of the defendant’s account [ * 291 ] by other * means than the money which he had received in London, that money belonged to the plaintiffs, and this is the proper form of action to recover it.
Thus far we are all agreed : but for myself, I have no hesitation in believing, even if it had been proved that Viges’s note was received at the risk of the plaintiffs, that the evidence, which the documents referred to in the report exhibit, would be decisive against the defendant, by proving that, before the commencement of the action, he had made the note his own, and that therefore it must be considered as payment. Those facts are, that it had been permitted, after it became due, to lie for more than three years, without any effort to collect it; and this under an agreement *245 relative to the payment of interest, made without the consent or knowledge of the plaintiffs.
The Court then observed, that on examination it appeared that the verdict had been taken for too much money; but, as this was a mere mistake, not taken notice of by either party at the trial, it could be no ground for setting aside the verdict, if the surplus should be released by the plaintiffs, which was accordingly done.

Judgment on the verdict.